| 10 | 310 |
| 45 | 161 |

## C. J. BRADLEY, Administrator, *v.* H. FRELLSEN & Co.

A sheriff who had a plantation under seizure by fi. fa. was enjoined from selling. Pending the injunction he shipped the crop to defendants for sale, and subsequently died. *Held:* that the administrator of the deceased sheriff is not entitled to recover of defendants the proceeds of the sale of the crop, without the assent of the deceased sheriff's successor in office, and of the parties to the injunction suit and others in interest. All official trusts pass by the death of the sheriff to his successor in office and not to his personal representative.

APPEAL from the First District Court of New Orleans, *Larue,* J.

Purvis & Dugué, for plaintiff, cited *Jordan* v. *Gallop,* 12 Conn. 537; *Decoux* v. *Bank of Louisiana,* 157.

*Wolfe & Singleton,* for defendant and appellant, cited *Pavie* v. *Cenas,* 3 M. 288; *Buisson* v. *Hyde,* 17 La. 22; *Simpson* v. *Allen,* 7 R. 500.

SLIDELL, C. J. The evidence is quite meagre, but the state of facts we gather from it is substantially this:

*Augustus Bradley,* Sheriff of the parish of Franklin, had seized upon fieri facias in the suit of *Ford* v. *Michael Dosson,* a plantation, supposed to belong to *Dosson,* but claimed by his wife, who it seems arrested the sale by injunc-

tion. The Sheriff shipped the crop of cotton to the defendants, New Orleans merchants, and they furnished supplies, &c., to the plantation on the Sheriff's orders. While matters thus stood, *Augustus Bradley* died, and his administrator sued the defendants for the proceeds of the crop. They resist payment upon the ground that this plaintiff has no right to receive the money.

It was the duty of the plaintiff to make out a clear right, which he has not done. *Frellsen & Co.*, seem to have dealt with *Augustus Bradley*, in his official capacity as Sheriff, having custody of a plantation under judicial process, and pending a litigation respecting the ownership of it, and its crop, in which litigation *Ford, Michael Dosson* and Mrs. *Dosson* were interested. All official trusts passed on *Bradley's* death to his successor in office, and not to his personal representative. It is fair to infer from the evidence before us, and in the absence of any express proof to the contrary, that the Sheriff was not thus providing for the wants of the plantation, and shipping the crops without some legal sanction; and there is no evidence that the parties litigant have done any act from which could be implied an assent to the receipt of this fund by the mere personal representative of the late Sheriff. On the contrary two of them have appeared in this cause and resist a payment to the administrator.

There is in evidence a writing purporting to be signed by a subsequent Sheriff of Franklin, assenting to the payment of the fund to the administrator of his predecessor, but we do not think he had a right thus to direct the fund without the assent of the litigants.

It is proper to observe that although the plaintiff's petition discloses the interest of *Ford*, there has been no attempt on his part to make *Ford* a party.

Under all the circumstances as presented by the imperfect evidence before us, we are not prepared to say that the plaintiff has shown a clear right to receive this fund, and that the defendants would be safe from further attacks on paying to him.

Judgment reversed, and judgment as in case of non-suit, plaintiffs to pay costs in both courts.